UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | | |
|---|---|---|---|
| IN RE: **Ordry Johnson** | | CASE NO | **05-38040-H5-13** |
| *Debtor(s)* | | CHAPTER | **13** |

## CHAPTER 13 PLAN

**BUDGET INFORMATION**

| | |
|---|---|
| Total Monthly Income | **$8,790.87** |
| Expenses | **$6,381.00** |
| Difference | **$2,409.87** |

**ANALYSIS OF PLAN:** Debtor shall submit such portion of future income to the supervision and control of the Trustee as is necessary for the execution of this Plan, as follows:

**A.** Monthly Payment (if variable, attach payment schedule)    **Variable***

*Variable Payments: months 1-8 $2,400.00; months 9-10 $2,545.00; months 11-20 $2,690.00; months 21-60 $2,810.00

**B.** Duration: **60 months**    Date Payments Start: **7/7/2005**
**C.** Gross Amount from Debtor (for plan duration)    **$163,590.00**
**D.** Trustee's Comp. and Expense Fund (10% of C)    **$16,359.00**
**E.** Net Available to Creditors    **$147,231.00**

**NON-STANDARD PROVISIONS** ☐ are included (see line U); ☑ are not included.

**F. INTERIM DISBURSEMENTS OF PLAN PAYMENTS:**
The Chapter 13 Trustee shall distribute plan payments prior to confirmation of the plan upon separate motion by Debtor with notice and hearing and entry of an Order for Interim Disbursements.

**G. SECURED CLAIMS:** The Debtor proposes to pay the lesser of the value of the collateral securing the claim or the amount of the claim, with interest as set forth below.  Unless otherwise indicated below, **Debtor's payments will be distributed pro rata among all secured claims** on a monthly basis.

| Creditor | Total Claim | Collateral Value/ Secured Claim | Int. Rate | Monthly Pymt (If not pro rata) | 1st/Last Pymt (Anticipated) | Anticipated Total |
|---|---|---|---|---|---|---|
| *(None)* | | | | | | |

G.1    **Total Secured Claims:**    **$0.00**

**G.2 LIEN RELEASE:** The holder of each secured claim shall retain the lien on the collateral securing its claim; and once a secured creditor (other than a creditor paid directly pursuant to this plan under 11 U.S.C. § 1322(b)(2) & (b)(5)), has received payments which satisfy the creditor's allowed secured claim, the creditor shall release the lien(s) securing its claim, except to the extent the Internal Revenue Code or the Bankruptcy Code operate to provide otherwise.

**H. PRIORITY CLAIMS:** All claims entitled to priority under 11 U.S.C. § 507 shall be paid in full in deferred cash payments, except to the extent the holder of such claim agrees to a different treatment, as specified below.  **Debtor's payments will be distributed pro rata among all priority unsecured claims** on a monthly basis subsequent to Trustee's distribution on secured claims, unless otherwise provided as specified below.

| Creditor | Type of Priority | Priority Amount | Monthly Pymt (If not pro rata) | 1st/Last Pymt (Anticipated) | Total |
|---|---|---|---|---|---|
| *(None)* | | | | | |

H.1    **Total Priority Claims:**    **$0.00**

**H.2** Debtor shall file all tax returns as they become due and pay all governmental unit taxes arising post petition as they become due.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | | |
|---|---|---|---|
| IN RE: **Ordry Johnson** | | CASE NO | **05-38040-H5-13** |
| *Debtor(s)* | | CHAPTER | **13** |

## CHAPTER 13 PLAN
*Continuation Sheet # 1*

**I. GENERAL UNSECURED CLAIMS SEPARATELY CLASSIFIED:** To the extent this plan classifies claims, the same treatment is provided for each claim within a particular class. The following unsecured claims are classified separately and shall be treated differently from other general unsecured claims and paid by the Trustee as specified below.

| Creditor | Nature of Debt (Criminal Restitution, Etc.) | 1st/Last Pymt (Anticipated) | Anticipated Total |
|---|---|---|---|
| Coushatta Casino Resort | NSF Check | 1-42 | $15,000.00 |
| Coushatta Casino Resort | NSF Check | 1-42 | $15,000.00 |
| Coushatta Casino Resort | NSF Check | 1-42 | $15,000.00 |
| Coushatta Casino Resort | NSF Check | 1-42 | $25,000.00 |
| Coushatta Casino Resort | NSF Check | 1-42 | $30,000.00 |

| | | |
|---|---|---|
| I.1 | Total unsecured claims separately treated, if any: | $100,000.00 |
| J. | Amount available for general unsecured claims (Line E) - (Lines G.1 + H.1 + I.1) | $47,231.00 |
| K. | Anticipated total general unsecured claims (excluding separately treated claims) | $203,311.55 |
| L. | Anticipated minimum percentage payment for other general unsecured claims (excluding separately treated claims) | 23% |

Note: The percentage shown is for the purposes of estimation only. It is based upon the amount of debt listed by the debtor in the schedules filed with the Court. If actual allowed claims are different than those scheduled by the debtor, the percentage paid to unsecured creditors may change.

M. The timely filed allowed general unsecured claims will be paid on a pro rata basis after the above listed creditors are paid (Lines G, H, I). The late filed allowed general unsecured claims will be paid on a pro rata basis after all timely filed allowed general unsecured claims are paid in full. General unsecured claims which are not filed shall not receive distribution from the Trustee.

N. These claims shall be paid by Debtor directly to the creditor pursuant to this plan.

| Creditor | Nature of Debt | Type of Claim (Secured, Priority, Unsecured) |
|---|---|---|
| Citizen State Bank | Business Debt Haying Operation | Secured |
| Local 24 Credit Union | Promissory Note | Secured |
| Local 24 Credit Union | Business Debt Haying operation | Secured |
| Local 24 Credit Union | Business Debt Haying operation | Secured |
| Local 24 Credit Union | Promissory Note | Secured |
| Unity National Bank | Homestead | Secured |
| Unity National Bank | Vehicle | Secured |

O. These secured claims and liens are provided for by Debtor surrendering the collateral pursuant to 11 U.S.C. § 1325(a)(5)(C), including setoffs of prepetition tax refunds, cash collateral, and any creditor's exercise of reclamation rights.

| Creditor | Type of Lien | Collateral | Value |
|---|---|---|---|
| *(None)* | | | |

P. **INSURANCE:** If required under a security instrument, an assumed executory contract or an assumed lease, debtor shall maintain insurance on all collateral retained under this plan at least to the extent of the amount to be paid to the creditor pursuant to this plan, and if the collateral is a principal residence that is a creditor's sole security, then the insurance maintained must comply with the mortgage and deed of trust.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE: **Ordry Johnson**     CASE NO    **05-38040-H5-13**

*Debtor(s)*     CHAPTER    **13**

## CHAPTER 13 PLAN
*Continuation Sheet # 2*

**Q.** These **UNEXPIRED LEASES or EXECUTORY CONTRACTS** are assumed, rejected or assigned under 11 U.S.C. §§ 1322(a)(7) and 365.

| Creditor | Property Description | Election: (Assume, Reject, Assign) | In Default (Y or N) |
|---|---|---|---|
| Citizen Bank | Leasholding interest in grazing land fo cattle operation lease $1 | Assumed | No |

Payments on assumed leases or executory contracts which become due post confirmation shall be paid by debtor directly to the creditor. Allowed claims on rejected leases or executory contracts will be paid on a pro rata basis with other allowed general unsecured claims specified in paragraph M.

**R.** If the Trustee receives a federal or state tax refund or tax credit which the Debtor may become entitled to during the term of the plan, the trustee is authorized to forward such refund to the Debtor or apply such refund to delinquent or future plan payments. Additionally, the Trustee may move to modify the plan to increase the total plan payments by the amount of the refund.

**S.** The unsecured creditors shall receive through the Plan not less than the amount that would be received through a Chapter 7 liquidation in this Case.

| | |
|---|---|
| Total Schedules A and B (Assets) | $252,283.41 |
| Total Liens or Encumbrances | $364,010.24 |
| Total Schedule C Exempted Property | $83,494.95 |
| Total Non-Exempted Property | $3,181.65 |

**T.** All property of Debtor's Estate shall vest in Debtor ☑ upon Debtor's Plan being confirmed; ☐ upon Debtor receiving a discharge under 11 U.S.C. § 1328 or Debtor's Case being dismissed. The automatic stay shall remain in effect as to all property of the Debtor and Debtor's estate pursuant to 11 U.S.C. § 362(c), except as further ordered by the Court.

**U. NON-STANDARD PROVISIONS**

    *(None)*

I declare under penalty of perjury that this Plan Summary represents the terms of the plan proposed for confirmation by Debtor for treatment of all creditors and distributions by the Chapter 13 Trustee.

**Dated:**   06/22/2005        **/s/ Ordry Johnson**
                                                          **Ordry Johnson**

**/s/ Kenneth P. Thomas**
**Kenneth P. Thomas**
*Attorney for Debtor(s)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:  **Ordry Johnson**                                                         CASE NO  **05-38040-H5-13**

*Debtor(s)*                                                                                      CHAPTER  **13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

**PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)**

| # | Month / Due Date | Payment | # | Month / Due Date | Payment | # | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|---|
| 1 | 07/07/2005 | $2,400.00 | 21 | 03/07/2007 | $2,810.00 | 41 | 11/07/2008 | $2,810.00 |
| 2 | 08/07/2005 | $2,400.00 | 22 | 04/07/2007 | $2,810.00 | 42 | 12/07/2008 | $2,810.00 |
| 3 | 09/07/2005 | $2,400.00 | 23 | 05/07/2007 | $2,810.00 | 43 | 01/07/2009 | $2,810.00 |
| 4 | 10/07/2005 | $2,400.00 | 24 | 06/07/2007 | $2,810.00 | 44 | 02/07/2009 | $2,810.00 |
| 5 | 11/07/2005 | $2,400.00 | 25 | 07/07/2007 | $2,810.00 | 45 | 03/07/2009 | $2,810.00 |
| 6 | 12/07/2005 | $2,400.00 | 26 | 08/07/2007 | $2,810.00 | 46 | 04/07/2009 | $2,810.00 |
| 7 | 01/07/2006 | $2,400.00 | 27 | 09/07/2007 | $2,810.00 | 47 | 05/07/2009 | $2,810.00 |
| 8 | 02/07/2006 | $2,400.00 | 28 | 10/07/2007 | $2,810.00 | 48 | 06/07/2009 | $2,810.00 |
| 9 | 03/07/2006 | $2,545.00 | 29 | 11/07/2007 | $2,810.00 | 49 | 07/07/2009 | $2,810.00 |
| 10 | 04/07/2006 | $2,545.00 | 30 | 12/07/2007 | $2,810.00 | 50 | 08/07/2009 | $2,810.00 |
| 11 | 05/07/2006 | $2,690.00 | 31 | 01/07/2008 | $2,810.00 | 51 | 09/07/2009 | $2,810.00 |
| 12 | 06/07/2006 | $2,690.00 | 32 | 02/07/2008 | $2,810.00 | 52 | 10/07/2009 | $2,810.00 |
| 13 | 07/07/2006 | $2,690.00 | 33 | 03/07/2008 | $2,810.00 | 53 | 11/07/2009 | $2,810.00 |
| 14 | 08/07/2006 | $2,690.00 | 34 | 04/07/2008 | $2,810.00 | 54 | 12/07/2009 | $2,810.00 |
| 15 | 09/07/2006 | $2,690.00 | 35 | 05/07/2008 | $2,810.00 | 55 | 01/07/2010 | $2,810.00 |
| 16 | 10/07/2006 | $2,690.00 | 36 | 06/07/2008 | $2,810.00 | 56 | 02/07/2010 | $2,810.00 |
| 17 | 11/07/2006 | $2,690.00 | 37 | 07/07/2008 | $2,810.00 | 57 | 03/07/2010 | $2,810.00 |
| 18 | 12/07/2006 | $2,690.00 | 38 | 08/07/2008 | $2,810.00 | 58 | 04/07/2010 | $2,810.00 |
| 19 | 01/07/2007 | $2,690.00 | 39 | 09/07/2008 | $2,810.00 | 59 | 05/07/2010 | $2,810.00 |
| 20 | 02/07/2007 | $2,690.00 | 40 | 10/07/2008 | $2,810.00 | 60 | 06/07/2010 | $2,810.00 |